# United States District Court
# District of South Carolina

| | |
|---|---|
| Maurice Wyman Scott, Sr. (*aka Maurice Scott*);<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS); and the State of South Carolina;<br><br>Defendants. | C/A No. 3:06-1088-MBS-JRM<br><br>**Report and Recommendation** |

The Plaintiff, Maurice Scott (hereafter, the "Plaintiff"), is proceeding *pro se* in what appears to be a civil rights action. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., the matter was referred to the undersigned to review and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff commenced an action in this Court on February 2, 2006. See Scott v. SCDPPPS, 3:06-0340-MBS-JRM (D.S.C. 2006). Plaintiff's allegations suggested that he was seeking *habeas corpus* relief. From the original pleading it could not be determined whether the Plaintiff sought *habeas corpus* relief from a conviction in the Court of General Sessions under 28 U.S.C. § 2254 or other relief from custody under 28 U.S.C. § 2241. On February 10, 2006, the undersigned filed an order directing Plaintiff to answer Special

1

Interrogatories by providing information about the specific convictions which he attacked and the status of those cases. Plaintiff was directed to indicate whether he was proceeding under § 2241 or § 2254 by completing a standard petition form. He was allowed twenty days, plus three days for mail time, to comply with the order. No response was received by the deadline. On March 20, 2006, the undersigned filed a Report recommending dismissal of the case under Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) On March 24, 2006, Plaintiff belatedly filed responses to the Special Interrogatories together with objections to the Report. On April 6, 2006, the Honorable Margaret B. Seymour, United States District Judge for the District of South Carolina, returned the original action to the undersigned for a review of Plaintiff's new filings.

Judge Seymour also directed that Plaintiff's "amended complaint" be docketed as the present action because the relief sought was appropriately to be considered under 42 U.S.C. § 1983. On May 30, 2006, the undersigned filed an order directing Plaintiff to answer Special Interrogatories designed to clarify his claims. The order also directed Plaintiff to bring his action into "proper form" by paying the filing fee or applying to proceed *in forma pauperis* and by completing summons forms and USM-285 forms, which are required so that the United States Marshal Service can effect service upon defendants. To date, Plaintiff has failed to bring his action into "proper form" or answer the Special Interrogatories.

An action may be dismissed pursuant to Rule 41(b) Fed. R. Civ. P. for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93

(4th Cir. 1989); <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982); <u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).  Based on the foregoing, it is recommended that the Complaint herein be dismissed without prejudice and without issuance of service of process. The Plaintiff's attention is directed to the notice on the next page.

                                                Respectfully Submitted,

                                                s/Joseph R. McCrorey  
                                                United States Magistrate Judge

June 28, 2006  
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The Plaintiff is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the Plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**